## LAYTON v. ILLINOIS LIFE INS. CO.
## DAVIS et al. v. DAVIS.
### No. 5710.

Circuit Court of Appeals, Seventh Circuit.
April 29, 1936.

William S. Oppenheim, Earle E. Ewins, and Edward S. Price, all of Chicago, Ill., for appellants.

Roy O. West, Percy B. Eckhart, William M. Klein, and Lewis C. Jesseph, all of Chicago, Ill., for appellee.

Before EVANS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Appellants here have succeeded to whatever rights existed in Wm. B. Davis and Roger Davis (both deceased) under an agency contract with the Illinois Life Insurance Company. They assert a liability against the Receiver of the company for post-agency renewal commissions on contracts of life insurance written at the instance of said agents, contending that since the company has become incapacitated from continuing in business by virtue of receivership the contract to pay renewal commissions has been breached and a right has accrued to them to demand the present value thereof.

It is conceded that the agency contract in question in its essential particulars is similar to the one we had under consideration in the case of Layton v. Illinois Life Ins. Co. (George F. Bachman v. Abel Davis, Receiver of Illinois Life Insurance Company), 81 F.(2d) 600, decided January 31, 1936.

A slight factual difference exists in that the present active agency contract had been terminated by the death of the Davises prior to receivership, leaving in appellants only the right to receive renewal commissions under the terms of the contract; whereas, in the Bachman Case the contract remained in full effect up to the time of the receivership on November 29, 1932. The fact that the present contract had been terminated prior to receivership and the further fact that appellants were at the date of receivership enjoying the full renewal benefits under the contract, we think are not factors calling for a distinction from the Bachman Case.

The Davis contract also contained the following clause that was not present in the Bachman Case: "Sec. 29. It is agreed that if his contract shall be discontinued for any reason, said second party, or his legal representatives, shall continue to receive the renewal commissions as provided for in Renewal Class B, under paragraph (b), Section 21 hereof, at the rate to which he is then entitled, if any; that is, either at the rate provided for Renewal Class B-1, B-2, B-3, or B-4, as the case may be, so long as there remains in force on the books of said first party to the credit of said second party, whether written under this or any former contract, not less than Five Hundred Thousand Dollars ($500,000) of insurance upon which renewal premiums are being paid to said first party, in cash, in due course."

It will thus be seen that the Davis contract provides that renewal commissions shall be paid *only so long as there remains in force on the books of the company not less than $500,000.00 of insurance upon which renewal premiums are being paid in cash in due course,* thus adding an additional contingency not in all respects present in the Bachman contract.

We held in the Bachman Case that the contract did not constitute a fixed and defi-

nite engagement on the part of the company to pay in all events, but was subject to the company remaining in business and actually collecting the premiums upon which a commission was to be paid, distinguishing Central Trust Co. v. Chicago Auditorium Association, 240 U.S. 581, 36 S.Ct. 412, 60 L.Ed. 811, L.R.A.1917B, 580. We also held that the termination of the existence of the company in the receivership proceeding was not a proper basis upon which to predicate a liability for commissions not received by the company and which in the course of events could never be received.

The controlling features of the present contract make what was there said equally applicable here. Upon further consideration we adhere to the conclusions there reached.

Judgment affirmed.